HARRY HOUGHTON, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31895.)

FANNIE HOUGHTON, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31896.)

Court of Claims, March 28, 1955.

*Jacob K. Javits, Attorney-General* (*Quentin Grant* of counsel), for defendant.

MAJOR, J. The above-entitled claims were filed pursuant to an order of this court, to recover damages allegedly sustained by the claimants by reason of the negligence of the State of

New York, and as a result of an accident on October 25, 1952, which occurred at a point near Sawkill, about eight miles south of the Saugerties exit where the unopened paved portion of the New York State Thruway ended.

On the day of the accident, claimants, Harry Houghton and Fannie Houghton, his wife, with Theodore Johnson, a passenger, left Utica, New York, for New Jersey about 12:30 P.M., in a 1952 Plymouth sedan owned and operated by Harry Houghton. They drove to Catskill, New York, and there entered upon the Thruway, traveling in a southerly direction using the southbound lane. At the Saugerties exit, this Thruway was closed to southbound traffic by a substantial and proper barricade, sufficient in size and construction, across the entire width of the southbound lane. There was a sign '' DEAD STOP END '' and another sign with an arrow pointing off the Thruway toward the west, on this barricade.

Before arriving at the barricade, there were five other signs north of the Saugerties exit on the west shoulder of the highway facing the southbound traffic. One sign was about one mile north of the turnoff and bore the words: '' THRUWAY ENDS 1 MILE AHEAD ''. The second sign located 1,000 feet north of the turnoff stated: '' THRUWAY ENDS 1000 FEET AHEAD ''. The third sign located about 500 feet north of the exit read: '' DEAD END EXIT 500 FEET ''. The fourth sign located about 200 feet north of the exit bore a black arrow on yellow background indicating a right-hand turn and beneath this was a sign: '' 30 MPH ''. The fifth sign was located about 75 feet north of the exit and read: '' TO SAUGERTIES 9W AND SOUTH '', and below the words was an arrow pointing to the right and westerly. The barricade with the sign thereon adequately indicated that the westerly lane of the Thruway was closed to southbound traffic beyond the barricade.

The claimant, Harry Houghton, driver of the car, had traveled on the Thruway as far as the Saugerties exit on several occasions before the accident, and saw the barricade across the southbound lane two days before, but testified that he did not see it on the day of the accident.

At the time of claimant's arrival at this exit, the pavement was dry, the weather was clear and there was sufficient daylight so that an automobile could be operated without headlights.

Instead of turning off the Thruway at the Saugerties exit, claimant, Harry Houghton, by-passed the barricade and continued southerly at about forty-five to fifty miles per hour, a distance of approximately eight miles to a point where the pave-

ment ended. Just prior to this accident, which happened about 5:45 P.M., claimant had a sight distance for one quarter of a mile ahead, and said he saw the end of the paved portion of the Thruway when he was about five car lengths away. Upon observing that the pavement ended, he attempted to apply the brakes of his automobile, but his foot slipped off the brake pedal and he had to apply the brakes a second time. When the car left the pavement, it skidded to the right, turned over and went down an embankment.

The court finds no negligence on the part of the State of New York.

The claimants herein knew or should have known that the portion of the Thruway south of the Saugerties turnoff upon which they were traveling was not opened to the general public, and, by entering upon the same, assumed responsibility for their own safety. Although the claimants received serious injuries as a result of this accident, and the automobile involved was substantially damaged, the State in no way caused or contributed to its happening. This accident was caused solely by the negligence of the claimant, Harry Houghton, by reason of the operation of his motor vehicle at a speed greater than would permit him to bring the same to a stop without injury to another or his property. (Vehicle and Traffic Law, § 56.) Having entered upon the unopened portion of the Thruway, it was the driver's duty to keep a proper lookout for his own safety and that of his passengers. He had visibility for sufficient distance to see what was ahead of him, and if he had made the proper observations and kept his car under proper control, this accident would not have occurred. Both claims must, therefore, be dismissed, and judgment in each claim is directed accordingly.

The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)

Let judgment be entered accordingly.